## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

LETICIA ROBLEDO, as Next Friend
of A.S. (a minor), ADRIAN SALAZAR,
individually and as the anticipated
Personal Representative of the
ESTATE of JESUS SALAZAR (deceased),
NORBERTA HERNANDEZ, individually,
and FLORENCIA SALAZAR, individually,

     *Plaintiffs,*

*v.*

EUGENE STAMPER, an individual, and
M&A TRANSPORT, LLC,
a Michigan Limited Liability Company,

     *Defendants*.

**COMPLAINT AND JURY
TRIAL DEMAND**

Hon.
Case No.

---

**THE MILLER LAW FIRM, P.C.**
Angela Baldwin (P 81565)
Kevin J. Watts (P 64852)
950 West University Drive, Suite 300
Rochester, MI  48307
(248) 841-2200
alb@millerlawpc.com; kjw@millerlawpc.com
*Attorneys for Plaintiffs*

**ABRAHAM, WATKINS, NICHOLS,
AGOSTO, AZIZ & STOGNER**
Benny Agosto, Jr. (*pro hac vice* app. forthcoming)
Barney Dill (*pro hac vice* app. forthcoming)
800 Commerce Street
Houston, TX 77002
 (713) 222-7211
bagosto@awtxlaw.com; bdill@awtxlaw.com
*Attorneys for Plaintiffs*

---

## <u>PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL</u>

NOW COME Leticia Robledo, as next friend for A.S. (a minor), Adrian Salazar individually and as the anticipated personal representative of the Estate of Jesus Salazar (deceased), Norberta Hernandez, and Florencia Salazar (collectively, "<u>Plaintiffs</u>"), by and through their attorneys The Miller Law Firm, P.C. and Abraham, Watkins, Nichols, Agosto, Aziz & Stogner, who file their Complaint against Eugene Stamper and M&A Transport, LLC, (collectively, "<u>Defendants</u>"), demanding a trial by jury and further stating the following:

### THE PARTIES

1.     Plaintiff Leticia Robledo is the next friend of A.S., the minor child of Jesus Salazar (deceased), and is a resident of Texas.

2.     Plaintiff Adrian Salazar is the adult son of Jesus Salazar (deceased) and the anticipated Personal Representative of the Estate of Jesus Salazar.  A probate proceeding will be filed on behalf of Jesus Salazar's estate requesting Adrian Salazar be appointed as its representative.  Adrian Salazar is a resident of Texas.

3.     Plaintiff Norberta Hernandez is the mother of Jesus Salazar (deceased) and is a resident of Texas.

4.     Plaintiff Florencia Salazar is the sister of Jesus Salazar (deceased) and is a resident of Texas.

5.     Defendant M&A Transport, LLC ("<u>M&A</u>") is a Michigan limited

liability company headquartered in the City of Dearborn, the County of Wayne, in the State of Michigan.

6.      Defendant Eugene Stamper ("Stamper") is an individual who resides in Macomb County in the State of Michigan.

7.      At all times material to this action, Defendant Stamper was an employee, agent, and/or servant of Defendant M&A, acting within the scope of his employment and/or work for Defendant M&A.

8.      Plaintiffs specifically invoke the right to institute this suit against whatever entity was conducting business using the assumed or common name of any named Defendants with regard to the events described in this Complaint.

9.      In the event any parties are misnamed or not included herein, it is Plaintiffs' contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of the parties named herein. Alternatively, Plaintiffs contend such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

**VENUE AND JURISDICTION**

10.      Pursuant to 28 U.S.C. § 1391, venue is proper in this Court.

11.      Defendant M&A's headquarters and principal place of business is located in Wayne County, Michigan, in the Federal Eastern District of Michigan.

12.      Upon information and belief, Defendant Stamper is a resident of

Macomb County, Michigan, in the Federal Eastern District of Michigan, and is employed by Defendant M&A.

13.     Pursuant to 28 U.S.C. § 1332(a), the Court has subject matter jurisdiction over this action.

14.     Complete diversity of the Plaintiffs and Defendants exists and the relief requested herein exceeds the sum of $75,000, exclusive of interest and costs.

## FACTUAL BACKGROUND

15.     On January 3, 2023, Plaintiff Jesus Salazar, now deceased, was operating a 2020 International Harvester box truck.

16.     Jesus Salazar was driving westbound on Interstate I-30 near mile marker 59 in Clark County, Arkansas with his minor son, "A.S.," in the passenger seat.

17.     At the same time, Defendant Stamper was also driving westbound on Interstate I30.

18.     Defendant Stamper was driving a 2005 Freightliner Sprinter truck (the "Freightliner") while in the course and scope of his employment by, and/or work for, Defendant M&A.

19.     Based on information and belief, Defendant M&A owned the Freightliner driven by Defendant Stamper.

20.     Defendant Stamper crossed the center line with the Freightliner,

striking the left side of the box truck driven by Jesus Salazar.

21.    The force of the impact of Defendant Stamper's truck hitting Plaintiff

Jesus Salazar's vehicle knocked Mr. Salazar's vehicle off-course and forced both

vehicles into the median of I-30 between eastbound and westbound traffic.  Jesus

Salazar did not have time to stop his vehicle. The box truck driven by Mr. Salazar

continued in the median and fell into the underpass of Highway 182.

22.    As a result, Mr. Salazar was killed by blunt force trauma to his head

from the motor vehicle accident, dying at the scene.

23.    A.S., Mr. Salazar's minor child, was in his father's vehicle during this

crash and watched his father die at the scene of the crash.

## COUNT I:  NEGLIGENCE – DEFENDANTS STAMPER AND M&A

24.    Plaintiffs  incorporate  by  reference  and  re-assert  all  preceding

paragraphs herein.

25.    At the time of the incident, Defendant Stamper was operating the

tractor-trailer Freightliner negligently.

26.    Mr. Stamper had a duty to other motorists and passengers—including

Mr. Salazar and A.S.—to exercise ordinary care and operate the vehicle in a

reasonable and prudent manner.

27.    Mr. Stamper breached his duty of reasonable care in one or more of the

following ways, among others:

a.  Failing to observe and follow traffic laws;

b.  Failing to maintain a proper lookout;

c.  Failing to maintain his lane;

d.  Failing to properly and safely change lanes;

e.  Failing to keep the Freightliner vehicle under proper control;

f.  Failing to maintain a safe speed given the road conditions;

g.  Failing to operate the Freightliner vehicle reasonably and prudently; and

h.  Failing to conform to various statutes and regulations, including the Arkansas Transportation Code.

28.    Each of these acts and omissions, singularly or in combination with others, constitute negligence, which was the proximate cause of Jesus Salazar's tragic, premature death and Plaintiffs' injuries and resulting damages.

29.    But for Eugene Stamper's negligent operation of the Freightliner, Jesus Salazar would not have died, and Plaintiffs would not have suffered the harm and damages alleged herein.

30.    Defendant M&A is also responsible and liable for Defendant Stamper's actions and inactions alleged herein pursuant to the doctrines of *respondeat superior* and/or agency.

31.    Defendant Stamper was operating the Freightliner tractor-trailer at the

time of the incident as an employee, agent and/or servant of Defendant M&A, acting

within the scope of his employment by, and/or work for, M&A. Defendant Stamper

was conducting work for, acting at the behest of, and/or otherwise acting in furtherance

of the interests of Defendant M&A.

32.    Defendant M&A was further responsible for screening, hiring, and

scheduling Defendant Stamper's services.

33.    As a result of the relationship between Defendants Stamper and M&A,

Defendant M&A is responsible for Defendant Stamper's conduct, among other acts

and omissions which may be shown during the trial of this case.

34.    As a direct and proximate result of Defendants' actions and inactions,

Plaintiffs have incurred and will continue to incur damages for which they are

entitled to recover from Defendants, including: (1) wrongful death, injury, and pain

and suffering of Jesus Salazar; (2) pain, suffering, mental anguish, and fear of A.S.,

including by experiencing the fatal crash and witnessing his father's death; (3) pain,

suffering, and mental anguish of all Plaintiffs, including loss of society and

companionship of Jesus Salazar; (4) loss of earnings of Jesus Salazar from the date

of death, including loss of inheritance, support, and services and including

contributions in kind with interest; (5) medical, burial, and/or funeral expenses; and

(6) other damages in excess of $75,000.00, with an exact amount to be determined

by the jury at trial and subject to all applicable interest and enhancement as allowed

by law.

## COUNT II:  NEGLIGENCE *PER SE* –
## DEFENDANTS STAMPER AND M&A

35.     Plaintiffs incorporate by reference and re-assert all preceding paragraphs herein.

36.     Mr. Stamper was negligent per se because of his breach of duties imposed by statute. Specifically, he breached duties imposed by statutes and state law, including, but not limited to, the following provisions of Arkansas Code Sec. 27-51-014, and/or similar applicable statutes:

> (a) It shall be unlawful for any person to drive or operate any vehicle in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, vehicular or otherwise, or in such a manner as to evidence a failure to maintain proper control on the public thoroughfares or private property in the State of Arkansas.
> (b) It shall be unlawful for any person to operate or drive any vehicle on the public thoroughfares or private property in the State of Arkansas in violation of the following prohibited acts:
>
> (1) Improper or unsafe lane changes on public roadways;
> …
> (6) To operate any vehicle in such a manner which would cause a failure to maintain control;
> …
> (8) To operate a vehicle in any manner when the driver is inattentive and such inattention is not reasonable and prudent in maintaining vehicular control.

37.     Jesus Salazar, A.S., and all Plaintiffs are within the class of individuals intended to be protected by these statutes.

38.     The statutes are ones for which tort liability may be imposed.

39.     Defendant Stamper's breach of these statutory duties proximately caused Jesus Salazar's tragic, premature death and Plaintiffs' injuries and damages alleged herein.

40.     Defendant M&A is also responsible and liable for Defendant Stamper's actions and inactions alleged herein pursuant to the doctrines of *respondeat superior* and/or agency.

41.     Defendant Stamper was operating the Freightliner tractor-trailer at the time of the incident as an employee, agent and/or servant of Defendant M&A, acting within the scope of his employment by, and/or work for, M&A.  Defendant Stamper was conducting work for, acting at the behest of, and/or otherwise acting in furtherance of the interests of Defendant M&A.

42.     Defendant M&A was further responsible for screening, hiring, and scheduling Defendant Stamper's services.

43.     As a result of the relationship between Defendants Stamper and M&A, Defendant M&A is responsible for Defendant Stamper's conduct, among other acts and omissions which may be shown during the trial of this case.

44.     As a direct and proximate result of Defendants' actions and inactions, Plaintiffs have incurred and will continue to incur damages for which they are entitled to recover from Defendants, including:  (1) wrongful death, injury, and pain

and suffering of Jesus Salazar; (2) pain, suffering, mental anguish, and fear of A.S., including by experiencing the fatal crash and witnessing his father's death; (3) pain, suffering, and mental anguish of all Plaintiffs, including loss of society and companionship of Jesus Salazar; (4) loss of earnings of Jesus Salazar from the date of death, including loss of inheritance, support, and services and including contributions in kind with interest; (5) medical, burial, and/or funeral expenses; and (6) other damages in excess of $75,000.00, with an exact amount to be determined by the jury at trial and subject to all applicable interest and enhancement as allowed by law.

## COUNT III:  GROSS NEGLIGENCE –
## DEFENDANTS STAMPER AND M&A

45.     Plaintiffs incorporate by reference and re-assert all preceding paragraphs herein.

46.     Defendant Stamper's intentional failure to perform manifest duties as a motorist, as described above, was in reckless disregard of the consequences affecting the life of Mr. Salazar, A.S., and Plaintiffs.

47.     Defendant Stamper's actions and inactions presented an extreme degree of risk considering the probability and magnitude of the potential harm to others.

48.     Defendant Stamper had actual subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, and/or welfare of Mr. Salazar, A.S., and Plaintiffs.

49.    Defendants' actions alleged herein were beyond reckless and caused a catastrophic incident. Specifically, Mr. Stamper's conscious decision to change lanes without ensuring it was clear and safe to change lanes.

50.    Mr. Stamper was fully aware of the extreme risk tied to his actions yet proceeded anyway. As such, Mr. Stamper's actions and inactions constitute gross negligence as the term is understood by law.

51.    Defendant M&A is also responsible and liable for Defendant Stamper's actions and inactions alleged herein pursuant to the doctrines of *respondeat superior* and/or agency.

52.    Defendant Stamper was operating the Freightliner tractor-trailer at the time of the incident as an employee, agent and/or servant of Defendant M&A, acting within the scope of his employment by, and/or work for, M&A.  Defendant Stamper was conducting work for, acting at the behest of, and/or otherwise acting in furtherance of the interests of Defendant M&A.

53.    Defendant M&A was further responsible for screening, hiring, and scheduling Defendant Stamper's services.

54.    As a result of the relationship between Defendants Stamper and M&A, Defendant M&A is responsible for Defendant Stamper's conduct, among other acts and omissions which may be shown during the trial of this cause.

55.    As a direct and proximate result of Defendants' actions and inactions,

Plaintiffs have incurred and will continue to incur damages for which they are entitled to recover from Defendants, including: (1) wrongful death, injury, and pain and suffering of Jesus Salazar; (2) pain, suffering, mental anguish, and fear of A.S., including by experiencing the fatal crash and witnessing his father's death; (3) pain, suffering, and mental anguish of all Plaintiffs, including loss of society and companionship of Jesus Salazar; (4) loss of earnings of Jesus Salazar from the date of death, including loss of inheritance, support, and services and including contributions in kind with interest; (5) medical, burial, and/or funeral expenses; and (6) other damages in excess of $75,000.00, with an exact amount to be determined by the jury at trial and subject to all applicable interest and enhancement as allowed by law.

### COUNT IV: NEGLIGENT ENTRUSTMENT – DEFENDANT M&A

56.    Plaintiffs incorporate by reference and re-assert all preceding paragraphs herein.

57.    Defendant M&A owned the 2005 Freightliner, which Mr. Stamper was operating at the time of the incident.

58.    Based on information and belief, Defendant M&A entrusted the Freightliner to its employee, agent, and/or servant, Defendant Stamper, to make a multi-day long haul, despite knowing, or having reason to know, that Defendant Stamper was a reckless, incompetent, and/or inexperienced driver.

59.    By entrusting the Freightliner to its employee, agent, and/or servant, Defendant Stamper, M&A Transport created an appreciable risk of harm to motorists and passengers such as Jesus Salazar and A.S.

60.    Defendant M&A's negligent entrustment of the Freightliner to Defendant Stamper was a substantial factor in and/or proximate cause of the fatal crash alleged herein and Plaintiffs' injuries and damages pled herein.

61.    As a direct and proximate result of Defendant M&A's actions and inactions, Plaintiffs have incurred and will continue to incur damages for which they are entitled to recover from Defendants, including:  (1) wrongful death, injury, and pain and suffering of Jesus Salazar; (2) pain, suffering, mental anguish, and fear of A.S., including by experiencing the fatal crash and witnessing his father's death; (3) pain, suffering, and mental anguish of all Plaintiffs, including loss of society and companionship  of Jesus Salazar; (4) loss of earnings of Jesus Salazar from the date of death, including loss of inheritance, support, and services and including contributions in kind with interest; (5) medical, burial, and/or funeral expenses; and (6) other damages in excess of $75,000.00, with an exact amount to be determined by the jury at trial and subject to all applicable interest and enhancement as allowed by law.

## COUNT V:  NEGLIGENT HIRING, SUPERVISION, TRAINING, & RETENTION – M&A

62.    Plaintiffs incorporate by reference and re-assert all preceding

paragraphs herein.

63.     Alternatively, and/or in addition, Defendant M&A Transport negligently hired, supervised, trained, and/or retained Defendant Stamper.

64.     Defendant M&A owed a duty to motorists and passengers including Jesus Salazar and A.S., as well as to all Plaintiffs and the general public, to hire, supervise, train, and retain competent and professional drivers, which extends to the duty to use reasonable care in the retention of contractors and statutory employees. Such duties of Defendant M&A apply to Defendant Stamper.

65.     Defendant M&A owed said duty to supervise and train Defendant Stamper to ensure that motorists and passengers including Jesus Salazar and A.S., as well as all Plaintiffs and the public, would be safe while Defendant Stamper operated Defendant M&A's commercial vehicles on their mutual behalf and for the furtherance of Defendant M&A's interests and benefit.

66.     Defendant M&A breached said duties and negligently permitted and/or encouraged Defendant Stamper to negligently operate Defendant M&A Transport's 2005 Freightliner that was involved in the fatal crash alleged herein.

67.     In the absence of Defendant M&A's negligence, the fatal crash would not have occurred. Defendant M&A's breach of said duties was a substantial factor in and/or proximate cause of the fatal crash alleged herein and Plaintiffs' injuries and damages pled herein.

68.     As a direct and proximate result of Defendant M&A's actions and inactions, Plaintiffs have incurred and will continue to incur damages for which they are entitled to recover from Defendants, including:  (1) wrongful death, injury, and pain and suffering of Jesus Salazar; (2) pain, suffering, mental anguish, and fear of A.S., including by experiencing the fatal crash and witnessing his father's death; (3) pain, suffering, and mental anguish of all Plaintiffs, including loss of society and companionship  of Jesus Salazar; (4) loss of earnings of Jesus Salazar from the date of death, including loss of inheritance, support, and services and including contributions in kind with interest; (5) medical, burial, and/or funeral expenses; and (6) other damages in excess of $75,000.00, with an exact amount to be determined by the jury at trial and subject to all applicable interest and enhancement as allowed by law.

## ADDITIONAL DAMAGES ALLEGATIONS

69.     Plaintiffs incorporate by reference and re-assert all preceding paragraphs herein.

70.     As a result of Defendants' actions and inactions as alleged herein, this fatal incident has ripped apart the fabric of Mr. Salazar's family; Plaintiffs' lives have been shattered.

71.     Plaintiff Adrian Salazar has standing to bring this cause of action as Jesus Salazar's adult son, and as the anticipated Personal Representative of the

Estate of Jesus Salazar.

72.   Jesus Salazar's Estate is entitled to recovery for the pain, suffering, mental anguish, fear, funeral bills, lost wages, and damages that he suffered as a result of the fatal crash and injuries that ultimately led to his death, as alleged herein.

73.   Plaintiffs seek damages as wrongful death beneficiaries and on behalf of Jesus Salazar. Specifically, Plaintiffs seek all damages they may be justly entitled to as Wrongful Death Beneficiaries of Jesus Salazar, including damages of grief, bereavement, torment, loss of inheritance, loss of consortium, loss of companionship, loss of society, and mental anguish arising out of:

    a.  The circumstances surrounding a father's death;

    b.  The death of a son;

    c.  The death of a sibling;

75.   As set forth herein, because of the egregious nature of Defendants' actions, Plaintiffs seek punitive damages as to Defendants.

76.   Plaintiffs seek monetary damages in an amount exceeding $75,000.00.

**DEMAND FOR JURY TRIAL**

77.   Plaintiffs hereby demand a trial by jury in this action.

**CONCLUSION AND RELIEF REQUESTED**

WHEREFORE, Plaintiffs pray that this Honorable Court enter a judgment against Defendants in favor of Plaintiffs, and award Plaintiffs the following relief:

a.     past, present, and future damages for:  (1) wrongful death, injury, and pain and suffering of Jesus Salazar; (2) pain, suffering, mental anguish, and fear of A.S., including by experiencing the fatal crash and witnessing his father's death; (3) pain, suffering, and mental anguish of all Plaintiffs, including loss of society and companionship  of Jesus Salazar; (4) loss of earnings of Jesus Salazar from the date of death, including loss of inheritance, support, and services and including contributions in kind with interest;

b.     medical, burial, and/or funeral expenses; allowed by law.

c.     compensatory, general, nominal, consequential, and incidental damages on all applicable claims in an amount exceeding $75,000.00;

d.     punitive damages and/or damages to be trebled, multiplied or otherwise enhanced pursuant to applicable law;

e.     all costs, interest, and attorney fees allowable under applicable law; and

f.     any and all such further relief as the Court may deem just and appropriate.

Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**

*/s/ Kevin J. Watts*
Angela Baldwin (P 81565)
Kevin J. Watts (P 64852)
950 West University Drive, Suite 300
Rochester, MI  48307
(248) 841-2200
alb@millerlawpc.com
kjw@millerlawpc.com

and

**ABRAHAM, WATKINS, NICHOLS,
AGOSTO, AZIZ & STOGNER**
Benny Agosto, Jr. (*pro hac vice* app.
forthcoming)
Barney Dill (*pro hac vice* app. forthcoming)
800 Commerce Street
Houston, TX 77002
 (713) 222-7211
bagosto@awtxlaw.com; bdill@awtxlaw.com
*Attorneys for Plaintiffs*

Dated:  January 3, 2025